IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-CT-3033-D

MICHAEL RANKINS, )
 )
         Plaintiff, )
 )
v. ) **ORDER**
 )
ALVIN W. KELLER, JR., et al., )
 )
         Defendants. )

Michael Rankins ("Rankins" or "plaintiff"), a state inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 [D.E. 2] and a preliminary injunction [D.E. 3]. Rankins alleges that "since 2009 [the Department of Correction] has served a predominantly soy-based food diet . . . exposing plaintiff to imminent danger [and] a substantial risk of serious harm because the predominantly soy-based food exposed plaintiff to cancer" and other health conditions. Compl. 6. Rankins seeks $25,000 in compensatory damages and $30,000 in punitive damages. Id. at 7. On March 17, 2011, Rankins moved to amend his complaint to correct the names of some defendants and to allege that the defendants have "knowledge of the danger," yet "continue to expose plaintiff to imminent danger" by feeding him "predomin[antly] soy-based foods." Mot. Amend 3. As explained below, the court grants plaintiff's motion to amend [D.E. 7], dismisses the action without prejudice under 28 U.S.C. § 1915(g), and denies plaintiff's motions to proceed in forma pauperis [D.E. 2] and for preliminary injunction [D.E. 3].

I.

The Prison Litigation Reform Act ("PLRA") allows the court to dismiss a prisoner's action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This subsection is known as the "three-strikes" provision of the PLRA. See Tolbert v. Stevenson, 635 F.3d 646, 648–50 (4th Cir. 2011); Green v. Young, 454 F.3d 405, 406–07 (4th Cir. 2006); Altizer v. Deeds, 191 F.3d 540, 544 (4th Cir. 1999).

Rankins has filed at least three cases that the United States District Court for the Eastern District of North Carolina ("Eastern District") has dismissed as frivolous. These dismissals include: Rankins v. Vaughn, No. 5:98-CT-93-F, [D.E. 6] (E.D.N.C. May 11, 1998) (unpublished); Rankins v. Bonner, 5:02-CT-303-BO, [D.E. 4] (E.D.N.C. May 9, 2002) (unpublished), aff'd, 43 F. App'x 690 (4th Cir. 2002) (per curiam) (unpublished); and, Rankins v. Beck, No. 5:04-CT-579-FL, [D.E. 5] (E.D.N.C. Oct. 20, 2004) (unpublished).

Because Rankins has three strikes, Rankins must show that he is "under imminent danger of serious physical injury" in order to proceed without prepayment of the filing fee. See 28 U.S.C. § 1915(g). This "exception [to the three-strikes rule] focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). Vague, speculative, or conclusory allegations are insufficient to meet the exception to the three-strikes rule. Rather, the inmate must make "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Id.

2

Rankins's complaint contains no allegation that he is under imminent danger of serious physical injury. See, e.g., Brown v. Pa. Dep't of Corr., Civil No. 10-0943, 2011 WL 344078, at *1 (E.D. Pa. Feb. 1, 2011) (unpublished); Short v. Rubenstein, No. 5:10CV47, 2010 WL 4968269, at *3 (N.D. W. Va. Dec. 1, 2010) (unpublished). Accordingly, Rankins has failed to make a colorable showing that this action should proceed under the exception to the three-strikes rule. See 28 U.S.C. § 1915(g). Therefore, the court denies plaintiff's application for leave to proceed in forma pauperis, and dismisses this action without prejudice. See 28 U.S.C. § 1915(g).

As for Rankins's motion for preliminary injunctive relief, the substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction. See, e.g., U.S. Dep't of Labor v. Wolf Run Mining Co., 452 F.3d 275, 281 n.1 (4th Cir. 2006). A court may grant a temporary restraining order or a preliminary injunction if the moving party demonstrates "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). In Winter, the Supreme Court rejected the Fourth Circuit's "standard that allowed the plaintiff to demonstrate only a possibility of irreparable harm because that standard was inconsistent with [the Court's] characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 346 (4th Cir. 2009) (quotation omitted), vacated on other grounds, 130 S. Ct. 2371 (2010), reissued in relevant part, 607 F.3d 355 (4th Cir. 2010) (per curiam).

Rankins has not established that he is likely to succeed on the merits, that he is likely to suffer irreparable harm absent injunctive relief, that the balance of equities tips in his favor, or that

3

Case 5:11-ct-03033-D Document 13 Filed 08/22/11 Page 3 of 4

an injunction is in the public interest. Thus, Rankins has failed to meet his burden of proof. Accordingly, the court denies Rankins's motion for a preliminary injunction.

II.

In sum, the court GRANTS plaintiff's motion to amend [D.E. 7], and DENIES plaintiff's application to proceed in forma pauperis [D.E. 2] and motion for preliminary injunction [D.E. 3]. The court DISMISSES without prejudice plaintiff's action under 28 U.S.C. § 1915(g). The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 22 day of August 2011.

JAMES C. DEVER III
United States District Judge